[Cite as *State v. Wampler*, 2026-Ohio-2857.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30737 |
| Appellee | : | |
| | : | Trial Court Case No. 1982 CR 00764 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| CHARLES K. WAMPLER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, PRESIDING JUDGE

EPLEY, J., and HUFFMAN, J., concur.

CHARLES K. WAMPLER, Appellant, Pro Se

MICHAEL P. ALLEN, Attorney for Appellee

LEWIS, P.J.

{¶ 1} Defendant-appellant Charles K. Wampler appeals from the Montgomery County Common Pleas Court's order denying his motion for leave to file a delayed motion for a new trial. For the following reasons, we affirm the judgment of the trial court.

I. **Course of Proceedings**

{¶ 2} In 1982, after Wampler's case was transferred from the juvenile court to the general division of the common pleas court and after a jury trial, he was convicted of aggravated murder, rape, abduction, and abuse of a corpse relating to the February 5, 1982 death of a 13-year-old boy. Wampler was 15 years old on the night the offenses were committed. Multiple witnesses testified at trial that the victim was at Wampler's home the night he was murdered. Several pieces of physical evidence found on or near the victim linked Wampler to the crimes. Wampler received an aggregate prison sentence of life plus 9 to 30 years. Wampler directly appealed from his convictions, raising seven assignments of error. We overruled his assignments of error and affirmed his convictions. *State v. Wampler*, 1983 Ohio App. LEXIS 12179 (2d Dist. Nov. 10, 1993).

{¶ 3} In July 2021, Wampler filed a motion for resentencing. He argued that he was entitled to a new sentencing hearing in accordance with *State v. Patrick*, 2020-Ohio-6803, because the trial court did not take his youth into consideration at his original sentencing. The trial court granted the motion and held a hearing. Following Wampler's allocution, the trial court found that Wampler's youth at the time of the offense did not mitigate the sentence

2

that was originally imposed and did not warrant a lesser sentence. The trial court resentenced Wampler. On direct appeal from Wampler's resentencing, we affirmed the judgment of the trial court because *Patrick* did not apply retroactively and the trial court imposed the same sentence as it had originally imposed. *State v. Wampler*, 2024-Ohio-2833, ¶ 13-14 (2d Dist.).

{¶ 4} On June 4, 2024, Wampler filed a motion for leave to file a delayed motion for a new trial. After the State filed its opposition to the motion, Wampler moved to withdraw his motion for leave. On September 24, 2024, the trial court granted Wampler's request to withdraw his motion for leave.

{¶ 5} On September 9, 2025, Wampler again filed a motion for leave to file a delayed motion for a new trial. Wampler attached the following documents to his motion for leave: (1) an April 24, 2024 letter from a private investigator relating to his interview with Joseph Michael Shipman, a witness who testified at trial; (2) a February 8, 1982 report prepared by J.C. Joyce, a coroner's investigator; (3) a February 1982 search warrant; (4) two February 6, 1982 police reports; (5) a February 9, 1982 police report; (6) an unsigned April 25, 2024 affidavit containing statements purportedly made by Christoper Brian Canterbury, a friend of the victim; (7) documents dated in 1984 related to the indictment and conviction of Robert D. Head for theft in office and subsequent disciplinary proceedings before the Ohio Supreme Court involving Head; and (8) April 29, 1985 and September 16, 1987 letters from Judge John W. Kessler related to the disciplinary proceedings involving Head. According to Wampler's motion for leave, the documents attached to his motion established that the prosecution knowingly allowed perjured testimony at his trial, the prosecution withheld exculpatory evidence, the evidence was insufficient to convict Wampler, his trial counsel

3

provided ineffective assistance, and the trial judge was biased in favor of the prosecutor, Head.

{¶ 6} The State opposed Wampler's motion for leave, contending that Wampler failed to show by clear and convincing proof that he was unavoidably prevented from discovering the new evidence referenced in his motion within the requisite time provided in Crim.R. 33(B). The State also argued that the allegations of prosecutorial misconduct and judicial bias were not the type of new evidence that could serve as the basis of a motion for a new trial.

{¶ 7} On December 18, 2025, the trial court denied Wampler's motion for leave to file a delayed motion for a new trial because Wampler had failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence referenced in his motion within the time provided by Crim.R. 33(B). The court also found that Wampler had "not pointed to any evidence from his trial or post-conviction proceedings to support a finding of judicial or prosecutorial bias, nor [had] he complied with the mandates of Crim.R. 33(C), which requires that allegations of prosecutorial misconduct be supported by affidavit(s)." Decision (Dec. 18, 2025), p. 9. Wampler filed a notice of appeal from the trial court's judgment.

## II. The Trial Court Did Not Abuse Its Discretion By Denying Wampler's Motion for Leave to File a Delayed Motion for a New Trial

{¶ 8} Wampler's three assignments of error all question the trial court's decision to overrule his motion for leave to file a motion for a new trial. His assignments of error state:

THE TRAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT/APPELLANT'S OHIO CRIM.R. 33(B) MOTION WITHOUT A

4

HEARING IN VIOLATION OF DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS AND IN ERROR OF LAW.

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED DEFENDANT/APPELLANT'S DUE PROCESS RIGHTS BY DISREGARDING CLEAR PROOF OF PROSECUTORIAL MISCONDUCT AND JUDICIAL BIAS.

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED DEFENDANT/APPELLANT'S DUE PROCESS RIGHTS BY RESTATING INFORMATION THAT HAD BEEN FALSELY PRESENTED, BY THE PROSECUTION, DURING DEFENDANT/APPELLANT'S DIRECT APPEAL.

**{¶ 9}** "A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2012-Ohio-1656, ¶ 31 (2d Dist.), citing *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus, and *State v. Matthews*, 1998-Ohio-433, ¶ 19. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶ 10}** "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Crim.R. 33(B). It is undisputed that Wampler did not meet the 120-day requirement in Crim.R. 33(B).

**{¶ 11}** "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in Crim.R. 33(B), a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *State v. Parker*, 2008-Ohio-5178, ¶ 16 (2d Dist.), quoting *State v. Morgan*, 2006-Ohio-145, ¶ 7 (3d Dist.). Clear and

5

convincing proof has been defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 12} "'[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.'" *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984). "'To allow the trial court to gauge the defendant's diligence, the defendant must describe all investigative actions undertaken within the 120-day period for timely filing a Crim.R. 33(A)(6) motion and explain why he was unavoidably prevented from discovering the evidence before the 120-day period elapsed.'" *State v. Sevilla*, 2023-Ohio-1726, ¶ 14 (10th Dist.), quoting *State v. Cashin*, 2017-Ohio-9289, ¶ 17 (10th Dist.).

{¶ 13} The trial court reviewed all the evidence Wampler attached to his motion for leave and found that Wampler failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the evidence within the 120 days provided by Crim.R. 33(B). The court also found that the documents relating to the conviction of and subsequent disciplinary proceedings against Robert Head failed to establish any basis on which to grant a new trial. Upon review of the record, we conclude that the trial court did not abuse its discretion by denying Wampler's motion for leave to file a motion for a new trial.

6

{¶ 14} The evidence submitted with Wampler's motion for leave failed to show that he was unavoidably prevented from filing a motion for a new trial within the 120 days provided in Crim.R. 33. The first document attached to Wampler's motion is an April 24, 2024 letter from a private investigator relating to an interview with Joseph Michael Shipman, who had testified at Wampler's trial. Wampler attempted to use this letter to show that Shipman's testimony at trial was incorrect and that the prosecution knowingly allowed perjured testimony at trial. But Wampler failed to submit an affidavit detailing what, if any, investigative actions he took in the 120 days following the jury's verdict or explaining why he could not have obtained the information from Shipman during that 120-day period.

{¶ 15} Wampler then relied on several police reports, a coroner's investigative report, and a search warrant from February 1982 to argue that facts gleaned from these documents helped undercut the reliability of his convictions. Once again, however, Wampler failed to offer any explanation as to why he was unavoidably prevented from discovering this evidence within the 120-day time requirement. Wampler did not submit an affidavit explaining how he came into possession of these documents, what efforts he expended to gain possession of those documents, and why he could not have made those same efforts during the 120 days following the jury's verdicts. He also failed to offer any evidence establishing that his trial counsel had not received copies of these documents prior to trial. Indeed, Wampler conceded on page 12 of his motion for leave that he did not have any proof that the State had not provided these documents to defense counsel prior to trial.

{¶ 16} Wampler also relied on an April 25, 2024 affidavit containing statements purportedly made by Christoper Brian Canterbury, a friend of the victim. This affidavit was not signed by Canterbury and therefore provides little, if any, evidentiary value. More

7

fundamentally, however, Wampler once again failed to explain why this information could not have been obtained from Canterbury within the time requirements of Crim.R. 33(B).

{¶ 17} The last set of documents Wampler relied on involved documents related to Robert Head's conviction for theft in office and letters written by Judge Kessler in support of Head during the subsequent attorney disciplinary proceedings before the Ohio Supreme Court. According to Wampler, Head was one of the prosecutors at Wampler's trial and Judge Kessler presided over Wampler's trial. We agree with Wampler that he was unavoidably prevented from obtaining those documents within the time requirement in Crim.R. 33(B) because they did not exist and did not become public information until well after the 120-day period expired. That said, those documents do not provide any substantive ground on which to grant a new trial. The fact that the prosecutor at Wampler's trial was later indicted and convicted for theft in office does not establish that the prosecutor did anything related to Wampler's case that supports the granting of a new trial. In short, Wampler has identified no link between Head's conviction for an unrelated crime and Wampler's ultimate convictions. The documents about Head's unrelated criminal conviction and subsequent attorney disciplinary proceedings are immaterial to Head's motion for leave. *See State v. Bethel*, 2022-Ohio-783, ¶ 59 (noting that a hearing on a motion for a new trial would be an exercise in futility where the evidence appellant was unavoidably prevented from discovering was immaterial). Moreover, Wampler conceded in his reply appellate brief that the prosecutorial misconduct that occurred "is clearly contained in the court records." Appellant's Reply Brief, p. 3. Therefore, Wampler was not unavoidably prevented from discovering the alleged evidence of prosecutorial misconduct within 120 days of the jury's verdicts. And because the prosecutorial misconduct that allegedly occurred "is clearly contained in the court records," Wampler should have raised

8

his argument regarding prosecutorial misconduct on direct appeal. Res judicata precludes him from raising an argument in a motion for a new trial that he could have raised in his prior, direct appeal. *State v. Trigg*, 2026-Ohio-585, ¶ 24 (2d Dist.).

{¶ 18} Wampler also failed to identify any link between the letters Judge Kessler wrote during Head's subsequent attorney disciplinary proceedings and any rulings made at Wampler's trial that could warrant a new trial. Rather, Wampler simply argued that Judge Kessler was clearly biased because he "allowed defendant's [rape] conviction to stand even though there was clearly insufficient evidence to support that conviction" and because he allowed the prosecutor to make inappropriate assertions in the opening and closing statements. These two arguments fail. Wampler raised seven assignments of error on direct appeal from his convictions, including those based on manifest weight and sufficiency-of-the-evidence. We overruled all the assignments of error and affirmed the convictions. The fact that, a few years after the trial, the trial court judge wrote letters supporting Head to a disciplinary counsel in no way affects whether the evidence at Wampler's trial was sufficient to support Wampler's convictions. Additionally, any rulings made before or during Wampler's trial by the trial judge could have been challenged on direct appeal if Wampler had believed the rulings were not supported by the facts or the law. Notably, Wampler's argument that the prosecutor made inappropriate assertions in his opening and closing statements about rape could have been raised in Wampler's direct appeal. Consequently, Wampler is barred by res judicata from raising that argument in a motion for a new trial filed after the resolution of his direct appeal. *Id.*

{¶ 19} Finally, Wampler identified in his reply appellate brief the following instances of ineffective assistance of trial counsel that he believes warrants a new trial: (1) counsel made no objections to the prosecution's improper comments at trial; (2) counsel made no

9

objections to the clear use of perjured testimony; (3) counsel failed to point out that no proof had been presented to the jury showing that a rape had actually occurred; and (4) counsel failed to call a single expert or present any real evidence. Appellant's Reply Brief, p. 6-7. Wampler did not present these ineffective assistance of trial counsel arguments in his motion for leave to file a delayed motion for new trial or in his initial appellate brief. Therefore, these arguments that were first raised in his reply appellate brief are not properly before us, and we will not consider them.

{¶ 20} Due to Wampler's failure to show by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial in a timely fashion, we conclude that the trial court did not abuse its discretion in denying his motion for leave to file a delayed motion for a new trial without holding a hearing. The assignments of error are overruled.

## III. Conclusion

{¶ 21} Having overruled the assignments of error, we affirm the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.